FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 29 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

C/M

----------------------------------------------------------- X

RALPH BAKER,
                   Plaintiff,

- against -

THE SUPREME COURT FOR THE STATE
OF NEW YORK, KINGS COUNTY;
JUSTICE[S] THE HONORABLE
SHILLINGFORD; THE HONORABLE
CYRULNIK; THE HONORABLE FOLEY;
THE HONORABLE MURPHY;
THE HONORABLE MONDO, THE
HONORABLE WALSH; CALTON NEWTON,
WARDEN RIKERS ISLAND, [1]

                   Defendants.

----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

12 Civ. 5757 (BMC)(LB)

**COGAN,** District Judge.

Plaintiff *pro se*, currently incarcerated at Rikers Island, filed this action seeking declaratory and injunctive relief against the Supreme Court of the State of New York, several state court judges, and the warden of Rikers Island.[2] Plaintiff paid the filing fee two weeks after the filing deadline. The Court vacates its Order and Judgment dismissing the case for failure to pay the filing fee, but dismisses the action under 28 U.S.C. §1915A.

---

[1] Except for Calton Newton, Warden Rikers Island, plaintiff has named the exact same defendants as in his previous action, Baker v. The Supreme Court of the State of New York Kings County, 12-CV-4750 (BMC) (filed Sept. 21, 2012, dismissed Oct. 4, 2012).

[2] Plaintiff is a frequent *pro se* litigant in this Court. See Baker v. New York State Executives, No. 12 Civ. 1090 (E.D.N.Y. June 20, 2012); Baker v. Lawrence Novelty Co., Inc., No. 11 Civ. 2806 (E.D.N.Y. Aug. 12, 2011); Baker v. Pataki et al., No. 06 Civ. 06138 (E.D.N.Y Feb. 20, 2007). He is also a frequent litigant in New York state courts.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a court must screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(a) & (b)(1). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (discussing *sua sponte* standard of review under §1915A for prisoners). The complaint may be dismissed in whole or in part, even if plaintiff pays the filing fee, under 28 U.S.C. § 1915A. See Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

In reviewing plaintiff's complaint, the Court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

## BACKGROUND

This is now the fourth time that plaintiff has attempted to get this Court to intercede in his ongoing state court criminal cases. See Baker v. New York State Executives and Officers et al., 12 Civ. 1090 (BMC) (filed March 3, 2012, motion to dismiss granted June 21, 2012); Baker v. Supreme Court for the State of New York, Kings County et al., 12 Civ. 4750 (BMC) (filed September 21, 2012, dismissed under 28 U.S.C. § 1915A on Oct. 4, 2012); Baker v. Walsh et al., 12 Civ. 5337 (BMC) (petition for a writ of habeas corpus filed Oct. 22, 2012). Familiarity with the dismissal orders entered in those actions is assumed.

Plaintiff continues to contest the ownership of property located at 140 Metropolitan Avenue, and to allege that the judge presiding over his related state court criminal proceedings improperly detained plaintiff, ordered a psychiatric evaluation, and used "bullpen therapy" to coerce him into accepting a disadvantageous plea deal.

## DISCUSSION

There are limits as to how often the Court can be asked to review the same allegations against the same parties. That limitation is manifested in the doctrine of *res judicata*. See Salahuddin v. Jones, 992 F. 2d 447, 449 (2d Cir. 1993). Under the doctrine of *res judicata*, or claim preclusion, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir. 2000) (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S.Ct. 2424, 2428 (1981)); see also EDP Med. Computer Sys. v. United States, 480 F.3d 621, 624 (2d Cir. 2007). "[O]nce a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning the transaction, or series of connected transactions, out of which the first action arose." Cieszkowska v. Gray Line New York, 295 F.3d 204, 205 (2d Cir. 2002) (quoting Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997)). The doctrine of *res judicata* applies to *pro se* litigants. Yeiser v. GMAC Mortgage Corp., 535 F. Supp. 2d 413, 426 (S.D.N.Y. 2008) (citing Pena v. Travis, No. 01-CV-8534, 2002 WL 31886175, at *8 (S.D.N.Y. Dec. 27, 2008)).

Here, plaintiff has alleged the same nucleus of facts in the instant case as he alleged in two previous actions, Baker v. New York State Executives and Officers et al., 12 Civ. 1090 (BMC), Baker v. Supreme Court for the State of New York, Kings County et al., 12 Civ. 4750 (BMC). Because nothing in the complaint suggests a new claim, this action is barred by the doctrine of *res judicata*.

Even if this action were not barred by the doctrine of *res judicata*, the Court would abstain from entertaining plaintiff's complaint under Younger v. Harris, 401 U.S. 37, 91 S. Ct.

746 (1971), and dismiss it under the judicial and Eleventh Amendment sovereign immunity doctrines.

## CONCLUSION

Accordingly, plaintiff's complaint is dismissed on the basis of *res judicata* as frivolous. 28 U.S.C. § 1915A. Furthermore, the Court warns plaintiff that it will not tolerate frivolous litigation and may enter an order barring the acceptance of any future complaints without first obtaining leave of the Court. 28 U.S.C. § 1651; see e.g., In re Martin-Trigona, 9 F.3d 226, 227-29 (2d Cir. 1993) (discussing various sanctions courts may impose upon vexatious litigants).

Although plaintiff paid the filing fee for this case, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal should plaintiff seek such status. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 92021 (1962).
**SO ORDERED.**

/S/ Judge Brian M. Cogan
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
U.S.D.J.

Dated: Brooklyn, New York
       January 29, 2013